IN THE CHANCERY COURT OF BRADLEY COUNTY, TENNESSEE

ELIZABETH MOOREFIELD,

    Plaintiff,

v.

PROPERTY AND CASUALTY
INSURANCE COMPANY OF
HARTFORD,

    Defendant.

No. 2012-CV-99 

## COMPLAINT

COMES NOW the Plaintiff, Elizabeth Moorefield, by and through counsel, and for her claim against the Defendant, Property and Casualty Insurance Company of Hartford, would respectfully state and show to the Court as follows:

### PREFACE

"If the crafty conditions with which fire insurance companies fence in the rights of the assured, and the subtle argument which their counsel found upon them, were always to prevail, these corporations would be reduced almost to the single function of receiving premiums for little or no risk." *Appleton Iron Co. v. British Am. Assur. Co.*, 1 N.W. 9 (Wis. 1879).

### PARTIES AND JURISDICTION

1.    Plaintiff, Elizabeth Moorefield (hereafter "Mrs. Moorefield" or "Plaintiff"), is an adult citizen and resident of Bradley County, Tennessee. At all times relevant hereto, Plaintiff owned the real property and improvements located at 4276 Spring Place Rd SE, Cleveland, Bradley County Tennessee 37323 (hereafter the "Insured Premises").

1

2. At all times material hereto, Defendant Property and Casualty Insurance Company of Hartford (hereafter "Defendant" or "The Hartford") was a foreign corporation engaged in insurance business in the State of Tennessee. The Hartford's corporate headquarters are located at One Hartford Plaza, Hartford, CT 06155.

3. This Complaint originates as the result of an August 22, 2011 fire that completely, totally, and permanently damaged and/or destroyed the Insured Premises, causing a total loss of the Insured Premises, as well as the personal property, improvements, and other structures located thereon.

4. Jurisdiction and venue are proper in this Court.

## FACTS

5. At all times relevant hereto, Plaintiff and Defendant were parties to an insurance contract whereby Defendant agreed to insure the real property and improvements located thereon at the Insured Premises against property damage, being policy number 55 RBB797774 (hereafter the "Policy"). Copy attached hereto as **Exhibit A**.

6. At all times relevant hereto, the Insured Premises consisted of a residential dwelling and surrounding area in which Plaintiff resided.

7. The Policy provided insurance coverage for fire loss to the Insured Premises and personal property thereon. Specifically, pursuant to the Policy, at the times relevant hereto, insurance coverage was provided for the dwelling, other structures, personal property, and loss of use with limits of liability as follows:

| SECTION I COVERAGE | LIMIT OF LIABILITY |
|---|---|
| a. Dwelling | $218,000.00 |
| b. Other Structures | $21,800.00 |
2

Case 1:12-cv-00170-CLC-SKL   Document 1-3   Filed 05/25/12   Page 2 of 7   PageID #: 8

    c. Personal Property        $152,600.00

    d. Loss of Use             $43,600.00

8. The Policy also provides coverage for debris removal, and loss to trees, shrubs, plants, and lawns. The Policy also provides other customary coverages as set forth in the Policy, which is incorporated herein by reference.

9. Mrs. Moorefield paid all premiums related to the Policy at all material times.

10. On or about August 22, 2011, a fire totally destroyed the dwelling located on the Insured Premises, resulting in a total loss. The fire also permanently damaged and/or destroyed certain personal property, improvements, and other structures located on or about the Insured Premises (hereafter the "Loss").

11. The Loss was promptly reported to Defendant by Plaintiff. Furthermore, Plaintiff has fully cooperated with Defendant in the investigation of her claim at all times.

12. Despite the fact that Plaintiff fulfilled all duties imposed upon her by Defendant and the Policy, and is at no fault in this matter, Defendant delayed, ignored, and failed to pay Plaintiff's claim for insurance proceeds, wrongfully denying her claim.

13. To date, Defendant has not provided a reasonable or justifiable basis for its denial.

14. Defendant's refusal to pay Plaintiff the amounts owed to her as a result of the Loss is without justification, is in bad faith, and constitutes breach of contract, all as set forth more fully herein.

15. Defendant's refusal to pay the policy proceeds and benefits due and owing Plaintiff forced her to seek legal counsel to initiate this litigation to recover the same.

16. As a direct and proximate cause of Defendant's actions/inactions, Plaintiff has sustained substantial compensable losses, including all amounts due Plaintiff under the Policy, and other numerous and assorted incidental and consequential damages.

## CAUSES OF ACTION

### Count I -- Breach of Contract

17. The allegations contained in paragraphs 1 through 16 of this Complaint are incorporated herein by reference, as if set forth verbatim.

18. The Policy is a binding contract and is supported by valid consideration.

19. Defendant is in total, material breach of the Policy, and Defendant is liable to Plaintiff in the maximum amount allowed under the Policy for the Loss. Specifically, Defendant's breach of contract includes, without limitation, its failure and refusal to pay all of Plaintiff's losses that were covered under the terms of the Policy.

20. As a result of Defendant's breach of contract, Plaintiff has sustained substantial compensable losses for the amounts claimed under the Policy, plus interest thereon, as well as money damages for economic losses, including, loss of use, and other numerous and assorted incidental and consequential damages.

### Count II- Statutory Bad Faith

21. The allegations contained in paragraphs 1 through 20 of this Complaint are incorporated by reference as if set forth verbatim herein.

22. Defendant's failure to pay the amounts contractually owed to Plaintiff is arbitrary and capricious and constitutes bad faith pursuant to T.C.A. § 56-7-105 in that more than sixty (60) days have passed since a formal demand has been made on Defendant and full payment has not been made for the Loss as required pursuant to the Policy, for which the 25% statutory penalty for

4

bad faith should be invoked.

23. The bad faith of Defendant is evidenced by the fact that, at all times hereto, Defendant knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due her under the terms of the Policy and as otherwise promised and represented by Defendant, as well as the actions of Defendant as set forth in paragraph 24 below. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Defendant consciously ignored Plaintiff's valid claim or denied Plaintiff's claim and withheld monies and benefits rightfully due Plaintiff.

24. Defendant's bad faith is evidenced by all of the facts and allegations set forth above in this Complaint, together with the following:

   a. Defendant's failure to fully inform Plaintiff of her rights and obligations under the Policy;

   b. Defendant's failure to affirm or deny Plaintiff's claim within a reasonable period after her claim was submitted;

   c. Defendant's failure to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim when liability was reasonably clear;

   d. Defendant's refusal to pay Plaintiff's claim without conducting a reasonable investigation based on all available information;

   e. Defendant's refusal to fully investigate Plaintiff's claim and obtain all available information before denying her claim;

   f. Defendant engaging in acts and practices toward Plaintiff that amount to acts of baseness, vileness, and/or depravity that are contrary to the good faith duties owed

5

to Plaintiff;

  g. Defendant's failure to promptly provide Plaintiff with a reasonable and accurate explanation of the delay in paying her claim in full;

  h. Defendant's reckless and/or grossly negligent failure to properly adjust Plaintiff's claim and to pay Plaintiff fully for her losses;

  i. Defendant's failure to pay all amounts due and owing under the Policy with no reasonable or justifiable basis.

25. In so acting, Defendant intended to and did injure Plaintiff in order to protect its own financial interests, and should be punished via the 25% bad faith penalty as authorized by statute.

WHEREFORE, as a result of the foregoing, Plaintiff would respectfully request that proper process be issued and served on Defendant requiring it to answer and/or otherwise respond in the time period allotted by law, and that this Honorable Court award a judgment against Defendant as follows:

  A. For compensatory damages not to exceed $400,000.00;

  B. For all costs incurred by Plaintiff as a result of this action;

  C. For a bad faith penalty of 25% as authorized by statute;

  D. For pre and post judgment interest; and

  E. For such other further and general leave as this Court deems just and equitable.

PLAINTIFFS DEMAND A TRIAL BY JURY.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC

_____
J. BRANDON MCWHERTER #21600
CHAD A. NAFFZIGER #26880
*Attorneys for Plaintiff*
101 North Highland
Jackson, Tennessee 38301
(731) 424-0461
(731) 664-1540 Facsimile

## COST BOND

We stand as sureties for costs in this cause.

GILBERT RUSSELL McWHERTER, PLC

_____